UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW J. McCORMACK,

        Petitioner,               Case No. 4:06-cv-139

v.                                     Honorable Richard Alan Enslen

CAROL HOWES,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner filed his initial habeas application in November 2006, and at the direction of the court, filed an amended petition on the proper form in February 2007. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After reviewing Petitioner's original and amended petitions as required by Rule 4, I recommend that this action be dismissed because it is barred by the one-year statute of limitations for habeas actions.

**Discussion**

I.      Factual allegations

Petitioner is incarcerated with the Michigan Department of Corrections and is presently housed at the Florence Crane Correctional Facility. In February 2000, the Kalamazoo County Circuit Court sentenced Petitioner to one to five years' imprisonment after he pleaded *nolo contendere* to one count of assault with intent to commit second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520g(2) (assault). At the time he committed the assault offense, Petitioner was on parole from a four- to fifteen- year sentence for third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(b) (CSC III), imposed by the Kalamazoo County Circuit Court in 1993. (Compl. For Writ of Habeas Corpus at 2-3; Br. In Support of Pet. at 8, 13-15, both at docket #1).[1] At sentencing, the trial court added the 5-year maximum on the assault conviction to the remainder of the 15-year maximum on the 1993 CSC III conviction. (*See* Pet. App. K, 4/5/01 Kalamazoo County Circuit Ct. Op. and Order at 3, docket #1; Pet'r Statement of Events ¶4, docket #5).

Prior to his sentencing, Petitioner moved with withdraw his *nolo contendere* plea because he claimed he had been mislead into the agreement by false statements, threats, and misconduct by his trial counsel, and "misconduct" by the trial court. (Br. In Support of Pet. at 9, docket #2). The trial court denied the motion. After he was sentenced on February 1, 2000, Petitioner requested appointment of appellate counsel. Appointed counsel filed a motion to

---

[1] The "concurrent sentencing doctrine" bars appellate review of a conviction "when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction." *See United States. v. Ware*, 282 F.3d 902, 906 (6th Cir. 2002). In this case, I cannot conclude that the concurrent sentencing doctrine bars the court's review of Petitioner's habeas application, for two reasons. First, it is not clear whether Petitioner's assault sentence was ordered to run concurrently with the CSC III sentence. Second, whether Petitioner is required to serve all of his CSC III sentence is directly at issue in this habeas action, because Petitioner appears to argue that discharge of the remainder of his CSC III sentence was part of his 2000 *nolo contendere* plea to the assault charge. (*See* Compl. For Writ of Habeas Corpus ¶¶ 8-9, pp. 2-3; Br. in Support at 8, 13-15, 17-18, both at docket #1).

withdraw Petitioner's plea based on an unfulfilled promise of leniency. The trial court denied the motion on April 20, 2001, finding that Petitioner's plea was overall voluntarily made, while acknowledging that "[d]efense counsel may have offered [Petitioner] questionable information." (*See* Pet. App. K, 4/5/01 Kalamazoo County Circuit Ct. Op. and Order at 7, docket #1).

Appellate counsel filed a delayed application for leave to appeal in the Michigan Court of Appeals on April 20, 2001, claiming that the trial court abused its discretion when it denied Petitioner's motion to withdraw the plea. The court of appeals denied leave on June 8, 2001; the Michigan Supreme Court likewise denied leave on December 21, 2001. On March 28, 2005, Petitioner filed a motion for relief from judgment under Michigan Court Rule 6.502 in the Kalamazoo County Circuit Court, which was denied on July 25, 2005. Petitioner appealed the denial of his motion to the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave on December 23, 2005 and July 31, 2006, respectively.

In his *pro se* application for habeas relief, Petitioner asserts the following grounds: (1) ineffective assistance of trial counsel; (2) denial of due process; and (3) ineffective assistance of appellate counsel for her failure to raise grounds one and two. The crux of Petitioner's constitutional claims is that his motion to withdraw his plea should have been granted because he was promised that the remainder of the CSC III 15-year maximum sentence would be vacated in exchange for Petitioner's *nolo contendere* plea on the assault charge, Petitioner would therefore have to serve only the one- to five- year term on the assault conviction, and the Michigan Parole Board would not record a parole violation. (Am. Pet. at 6, 7, 9, docket #5; Compl. For Writ of Habeas Corpus ¶¶ 8-9, pp. 2-3; Br. In Support at 8, 13-15, 17-18, both at docket #1). Petitioner argues he would not have agreed to the plea if he had known these promises would have be fulfilled at sentencing.

II.     Statute of limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). The one-year statute of limitations provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In this case, § 2244(d)(1)(A) provides the period of limitation because the other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals, which denied leave on June 8, 2001; the Michigan Supreme Court denied leave on January 8, 2002. Although Petitioner did not seek certiorari in the United States Supreme Court, the one-year limitations period did not begin to run until the ninety-day period in which Petitioner could have sought review in the Supreme Court had expired. *See Lawrence v. Florida*, ___ U.S. ___, No. 05-8820, 2007 WL 505972 (Feb. 20, 2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired, and the limitations period therefore began to run, on April 8, 2002; it expired on April 8, 2003. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's November 2006 habeas application was obviously filed well after the limitations period had expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a properly-filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal.

Feb. 2, 1999). Accordingly, because Petitioner's one-year limitations period expired in 2003, his motion for relief from judgment filed in 2005 does not serve to revive the limitations period.

Furthermore, this is not a case to which equitable tolling applies. The one-year limitations period applicable to § 2254 is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005), the Supreme Court has held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner does not set forth any such "extraordinary circumstances" to warrant equitable tolling in this case. He merely argues that his appellate attorney was ineffective for failing to raise his valid claims in a timely fashion (i.e. on direct appeal). (*See* Am. Pet. at 3-4, 7, 9, docket #5). This contention, standing alone, does not justify tolling the limitations period. An attorney's mistakes and lack of due diligence in preserving a claimant's rights generally do not warrant equitable tolling of the statute. *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001) (collecting cases); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000). Nor does the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware

of the statute of limitations for a certain period warrant tolling. *See Brown v. United States*, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing"); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D. Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Petitioner appears to argue in the alternative that the limitations period has not expired because his 2005 motion for relief from judgment was a collateral proceeding, and, therefore, was an "independent cause of action" that had not fully accrued until 2005. (*See* Br. in Support of Pet. at 10-11, docket #1). Petitioner cites no authority in support of this position, nor could he. No court has ever held that issues raised in post-appeal proceedings accrue separately from those raised on direct appeal. Such a ruling would directly contradict the Sixth Circuit's holding that a post-appeal motion does not revive a limitations period that has already expired. *See Vroman,* 346 F.3d at 602; *Thomas,* 2000 WL 553948, at *2; *Webster,* 199 F.3d at 1259; *Rashid,* 991 F. Supp. at 259; *Whitehead,* 1999 WL 51793, at *1.

Petitioner's argument that the one-year limitations period violates the Suspension Clause of the United States Constitution is equally meritless. (*See* Br. in Support of Pet. at 11-12, docket #1). Under the Suspension Clause, Congress cannot abolish habeas corpus except in situations of rebellion or invasion. U.S. Const. art. I, § 9, cl. 2. The United States Supreme Court maintains that habeas legislation violates the Suspension Clause only when it unreasonably "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Birch v. Sherman*,

No. 01-CV-74402-DT, 2002 WL 1880398, at *4 (E.D. Mich. July 31, 2002) (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir.1998); *Swain v. Pressley*, 430 U.S. 372 (1977); *United States v. Hayman*, 342 U.S. 205, 223 (1952)).  The one-year statute of limitations contained in the AEDPA does not impermissibly suspend the right to habeas corpus relief in violation of the United States Constitution, as habeas relief remains available to state prisoners who do not neglect their opportunity to file a habeas petition.  *Birch,* 2002 WL 1880398, at *4 ("Because the AEDPA's statute of limitations leaves habeas petitioners with a reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention.'") (citing *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113 (2nd Cir. 2000); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir.2000); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998); *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 174 (S.D.N.Y. 2000); *Biladeau v. Angelone*, 39 F.Supp.2d 652, 657-58 (E.D.Va. 1999)).

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 126 S. Ct. at 1684.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it is barred by the one-year limitations period. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  March 6, 2007                                                 /s/ Ellen S. Carmody
                                                                                    ELLEN S. CARMODY
                                                                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).